**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WINDWARD PARTNERS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **THE CHARTER OAK FIRE** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant,** | § | |

<u>**ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, **WINDWARD PARTNERS, LLC.,** (hereinafter, referred to as "Windward" or "Plaintiff"), and files this, its **Original Complaint** against **THE CHARTER OAK FIRE INSURANCE COMPANY,** (hereinafter referred to as "Charter" or "Defendant"), and for causes of action would show unto the Court and the jury the following:

**A.   <u>PARTIES AND SERVICE OF PROCESS</u>**

1.   Plaintiff, **WINDWARD PARTNERS, LLC,** is a Texas Limited Liability Company doing business in Dallas, County, Texas and owns the property, which is the subject of this lawsuit. The property is located in and around Waxahachie, Ellis County, Texas.

2.   Defendant, **THE CHARTER OAK FIRE INSURANCE COMPANY** is a foreign insurance company registered to engage in the business of insurance in the state of Texas. Defendant may be served with process by serving its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## B.      STATUTORY AUTHORITY

3.      This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.,* Chap. 541.051 *et seq.*, Chap. 542.051 *et se.,*. and Tex.Civ. & Rem. Code §38.01 *et seq.*

## C.      JURISDICTION

4.      The Court has jurisdiction over the cause of action pursuant to 28 U.S.C. § 1332 (a)(1) and (2).

5.      The Court has jurisdiction over Defendant, **THE CHARTER OAK FIRE INSURANCE COMPANY**, because **THE CHARTER OAK FIRE INSURANCE COMPANY** engages in the business of insurance in Texas and the causes of action arise out of **THE CHARTER OAK FIRE INSURANCE COMPANY'S** business activities in Texas.

## D.      VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because the parties are subject to personal jurisdiction in this District and the dispute giving rise to this litigation concerns property located in and around Waxahachie, Ellis County, Texas, which is within the Northern District of Texas and the Dallas Division.

## E.      NOTICE AND CONDITIONS PRECEDENT

7.      Defendant has been provided Texas statutory notice of the claim made by the Plaintiff in this Complaint and said notice was provided to Defendant more than sixty days prior to this Complaint being filed.

8.      All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## F.      FACTUAL BACKGROUND

9.      This lawsuit arises out of the following transactions, acts, omissions, and/or events.  On or about April 3, 2012, **WINDWARD'S** properties sustained damages to its buildings as a result of windstorm/hailstorm.

10.     **WINDWARD** submitted a claim for damages as a result of the windstorm/hailstorm to Counter-Defendant, **CHARTER** pursuant to the contract of insurance.

11.     **CHARTER** acknowledged **WINDWARD'S** claim and assigned the matter the claim number of **EZU4779.**

12.     **CHARTER** by and through its adjusters:

(i) failed to properly investigate and evaluate the damages resulting from the covered cause of loss of hailstorm/windstorm;

(ii) failed to properly communicate and/or provide information regarding the investigation and evaluation of the damages resulting from the covered cause of loss of hailstorm/windstorm and hired so-called experts to assist with defending and denying the claim as opposed to reasonably paying the claim; and

(iii) failed to properly pay the insurance proceeds owed to **WINDWARD** for the covered cause of loss of hailstorm/windstorm, pursuant to claim number **EZU4779.**

## G.      CAUSES OF ACTION:

## COUNT I - BREACH OF CONTRACT

13.     **WINDWARD** and **CHARTER** executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations, as indicated in

Exhibit A, from the peril of windstorm and hailstorm. Please see attached as Exhibit A, attached hereto, and incorporated herein as if fully set forth at length.

14.     All damages and loss to **WINDWARD'S** properties were caused by a direct result of a peril for which **CHARTER** insured **WINDWARD** pursuant to the above-referenced insurance policy. Specifically, **CHARTER** insured **WINDWARD** against the peril of windstorm/hailstorm, which resulted in property damage to **WINDWARD'S** insured properties.

15.     **CHARTER** sold the subject insurance policy to **WINDWARD** on the basis that insured the subject properties were insured in their "as is" condition.

16.     **WINDWARD** suffered a significant property damage loss with respect to the properties at issue and additional expenses as a result of the windstorm/ hailstorm damage.

17.     **WINDWARD** submitted a claim to **CHARTER,** pursuant to the contract of insurance, for damages suffered as a result of the windstorm/hailstorm damage.

18.     **WINDWARD** provided **CHARTER** with proper notice of damage to the subject insured properties.

19.     **CHARTER** conducted inspections and hired so-called experts, whose sole purpose was to assist **CHARTER** in defending and denying the claim as opposed to reasonable investigating and paying the claim.

20.     **CHARTER'S** so-called experts said that they found no evidence of any hail events at **WAINDWARD'S** property and no evidence of hail damage to **WINDWARD'S** property, despite obvious and direct evidence of a multitude of widespread and large hail strikes all over the property.  This evidence was obvious to

visual observation and was also provided to **CHARTER** in photographs as well as the report of an engineer retained by **WINDWARD.**

21.     Despite obvious evidence to the contrary, **CHARTER** has denied the claim and failed to pay any money to **WINDWARD**.

22.     **WINDWARD** has further attempted to obtain full and complete payment for the referenced covered losses pursuant to **CHARTER'**S insurance policy that insures the subject properties referenced in Exhibit A.

23.     **CHARTER,** acting through its agents, servants, representatives and employees, has failed to properly investigate, evaluate and adjust **WINDWARD'S** claim for benefits in good faith and has further failed to deal fairly with **WINDWARD.**

24.     **CHARTER** has failed and refused to evaluate the information surrounding facts regarding **WINDWARD'S** covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

25.     **CHARTER'**S refusal to properly investigate, evaluate, and provide information there from remains a breach of the insurance contract.

26.     **CHARTER'S** refusal to properly pay all amounts due and owing remains a breach of the insurance contract.

27.     **CHARTER'**S refusal to pay the adequate compensation, as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with **WINDWARD.** **WINDWARD** has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees and costs.

28.     **CHARTER'**S conduct, as described above, constitutes breaches of the insurance contract made between the parties.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR
## COMPENSATION AND UNFAIR PRACTICES ACT

29.      **CHARTER** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

30.      **CHARTER'S** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*, in the following respects:

1.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

   a.   **CHARTER,** through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing at the buildings of the subject insured properties in order to properly evaluate the extent and value of damages resulting from the hail storm/wind storm event.

   b.   **CHARTER,** through its agents, employees, or consultants retained so-called experts, known for writing insurance-friendly reports, who wrote reports finding no hail events and no hail damage despite obvious evidence to the contrary.  CHARTER used these unfounded and suspect reports to deny WINDWARD'S claim.  At best CHARTER failed to consider and/or determine whether the information submitted was accurate or inaccurate.

   c.   **CHARTER,** through its agents, employees, or consultants failed to request its employees, agents, or consultants to obtain meteorological reports in order to assist in allocating damages caused by the subject date of loss within the referenced policy period.

31.   **CHARTER** misrepresented the insurance policy to **WINDWARD** and is in violation of Tex. Ins. Code Sec. 541.061 et seq., in the following respects:

(1)     making an untrue statement of material fact;   **CHARTER** through its agents, employees, or consultants conducted an inspection, and presumably prepared an estimate of damages, but has refused to provide that information to WINDWARD and has thereby misled WINDWARD as to the value of damages to the subject properties.

(2)     failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; **CHARTER** through its agents, employees, or consultants failed to advise **WINDWARD** that it failed to perform proper testing of the building components in order to more accurately investigate and evaluate the damages resulting from the covered peril of hail storm/windstorm.

(3)     **CHARTER**'S unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of building components to more accurate investigate and evaluate the damages, failing to advise **WINDWARD** that it had not performed proper testing of the building components and had not properly investigated and evaluated the damages, failing to conduct/provide a meteorological investigation, and failing to provide all investigative information, including but not limited to damage estimates, resulted in **CHARTER**'S failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though **CHARTER**'S liability under the policy was reasonably clear,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

32.    **CHARTER**'S conduct, as described above, constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

33.    **CHARTER** is an entity that is required to comply with Tex. Ins. Code Section 542.052 *et seq.*

34.    Specifically, **CHARTER** failed to timely conduct a proper investigation of the damages to the subject properties resulting from a covered peril of hail storm/windstorm resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

35.    **CHARTER**'S delay of payment, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims, Tex. Ins. Code Sections 542.055 – 542.060.

## COUNT IV – BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

36.    **CHARTER**'S failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

37.     **CHARTER'S** conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to its **WINDWARD. CHARTER'S** conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

## COUNT V – TEXAS DECEPTIVE TRADE PRACTICES ACT

38.     **WINDWARD** brings forth each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

39.     At all material times hereto, **WINDWARD** was a consumer who purchased insurance products and services from **CHARTER**.

40.     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, **CHARTER** has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3). **CHARTER** took advantage of **WINDWARD'S** lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received. In addition to DTPA violations, these acts also constitute violations of Chap. 541, Texas Insurance Code.

41.     **CHARTER** has violated the Texas Deceptive Trade Practices Act in the following manners:

        (1)     Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve;

        (2)     Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Engaging in an unconscionable course of conduct.

(4)     At all material times hereto, Plaintiff was a consumer of insurance services or products of **CHARTER**, and **WINDWARD** would show that **CHARTER'S** violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing **WINDWARD'S** damages.

(5)     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, **CHARTER** has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that **CHARTER** took advantage of for damages as a result of the hailstorm **WINDWARD'S** lack of knowledge, ability, experience, and capacity to a grossly unfair degree. This conduct also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT VI – NEGLIGENT MISREPRESENTATION

42.     In the course of **CHARTER'S** and business, or a transaction in which **CHARTER** and had an interest, **CHARTER** represented to WINDWARD that WINDWARD was obtaining insurance coverage for the subject properties listed in *Exhibit A*. **CHARTER** supplied false information for **WINDWARD'S** guidance and **CHARTER** failed to exercise reasonable care or competence in communicating or obtaining the information. **WINDWARD** justifiably relied on **CHARTER'S** representations. **CHARTER'S** negligent misrepresentations proximately caused **WINDWARD'S** damages.

43.     As a result of **CHARTER'** misrepresentations, **WINDWARD has** sustained financial losses, and has been damaged.

44.     On information and belief, the conduct of **CHARTER** was intentional, willful, malicious, and in reckless disregard to the rights of **WINDWARD**,  and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

### H.      KNOWLEDGE AND INTENT

45.     On information and belief, each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### I.      DAMAGES AND PRAYERS

46.     **WHEREFORE, PREMISES CONSIDERED, WINDWARD** complains of **CHARTER** and prays that each appear and answer and that on a final trial on the merits, **WINDWARD** recover the following from **CHARTER.**

47.     **WINDWARD** would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages that **WINDWARD** sustained.

48.     For **CHARTER'S** numerous breach of contract, **WINDWARD** remains entitled to regain the benefit of its bargain. These damages constitute the amount of the actual damages, consequential damages, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq.*

49.     For noncompliance with the Texas Unfair Competition and Unfair Practices Act by **CHARTER, WINDWARD** is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees.  For

knowingly conduct of the acts complained of, **WINDWARD** asks for **three (3) times** its

actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

50.     For noncompliance with *Texas Prompt Payment of Claims Act* by **CHARTER,**

**WINDWARD** is entitled to the amount of its claims, as well as **eighteen (18)** percent

interest per annum post judgment interest, as allowed by law, and for any other further

relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant

to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

51.     For violation of the Common Law Duty of Good Faith and Fair Dealing by

**CHARTER, WINDWARD** is entitled to actual Damages, direct and indirect

consequential damages, and exemplary damages.

52.     For violations of the Texas Deceptive Trade Practices Act, **WINDWARD** is

entitled to actual damages, which includes the loss of the benefits that should have been

paid pursuant to the policy, including but not limited to direct and indirect consequential

damages, court costs and attorney's fees.  For knowingly conduct of the acts complained

of, **WINDWARD** asks for **three (3) times** its actual damages.

53.     For negligent misrepresentations, **WINDWARD** is entitled to actual damages,

which includes the loss of the benefits that should have been paid pursuant to the policy,

including but not limited to direct and indirect consequential damages, and court costs.

54.     On information and belief, the denial and/or wrongful delay to provide

**WINDWARD** with the insurance benefits by **CHARTER** was apparently part of a

common plan, routine, scheme, and design calculated to deny insurance benefits to

policyholders.  In order to punish **CHARTER** to set an example and thereby prevent

other policyholders from being treated in this manner, exemplary damages should be

awarded.  Accordingly, **WINDWARD** seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

### J.     JURY DEMAND

55.     Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**MERLIN LAW GROUP**

*/s/ Patrick C. McGinnis*
Patrick C. McGinnis
State Bar No: 13631900
3 Riverway, Suite 701
Houston, TX 77056
Telephone: (713) 626-8880
Facsimile: (713) 626-8881
pmcginnis@merlinlawgroup.com

-and-

*/s/ Phillip N. Sanov*
Phillip N. Sanov
State Bar No: 17635950
Federal Bar No.: 1148342
3 Riverway, Suite 701
Houston, TX 77056
Telephone: (713) 626-8880
Facsimile: (713) 626-8881
psanov@merlinlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**